# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| JOPLIN SCHOOLS, | )<br>) |
| Plaintiff/Counter Defendant, | )<br>) |
| v. | )<br>) |
| P1 GROUP, INC., | )<br>) Case No. 3:15-CV-05026-DGK |
| Defendant/Counterclaimant, | )<br>) |
| v. | )<br>) |
| UNIVERSAL CONSTRUCTION<br>COMPANY, INC., | )<br>)<br>) |
| Third-Party Defendant/Counterclaimant. | ) |

## ORDER DENYING MOTION TO QUASH DEPOSITIONS

This dispute arises from the construction of a new high school and technical center in Joplin, Missouri. The lawsuit involves multiple parties with multiple claims and cross-claims. Now before the Court is Universal Construction Company, Inc.'s ("UCC") Motion to Quash Depositions (Doc. 126).

For the following reasons, the motion is DENIED.

### Background

On May 10, 2016, counsel for P1 Group, Inc. ("P1") asked UCC's counsel to provide dates to depose four individuals as well as a date to complete a deposition of UCC's corporate representative. Counsel for UCC did not respond.

On June 1, counsel for P1 again requested dates from UCC's counsel. UCC's counsel did not respond to this communication either.

1

On June 6, P1's counsel sent a third email requesting dates. UCC's counsel responded on June 7 and advised that he "should" have dates "before" June 10. In response, P1's counsel advised that if dates were not provided by the end of the day on June 7, P1 would pick dates and issue notices of depositions for dates previously discussed as available for depositions.

On June 8, counsel for all parties—including counsel for UCC—agreed to participate in a phone conference to discuss deposition scheduling. UCC's counsel did not call in at the agreed time, nor did he provide any explanation of his failure to participate until June 17.

On June 8, counsel for P1 noticed up several depositions, one of which was scheduled for June 23, 2016, and one of which was scheduled for June 24, 2016. Counsel for P1 picked these dates because the other attorneys in this case had indicated these dates worked and, to the best of his knowledge, these dates worked for UCC as well. Counsel for UCC did not immediately object or communicate any problems with these dates. In fact, despite his earlier indicate that he "should" have dates by June 10, he did not do anything.

Counsel for the parties took three depositions together during June 15-17. At the conclusion of the last deposition, on June 17 at 6:00 p.m. (a Friday), counsel for UCC advised P1's counsel for the first time that UCC would not be producing witnesses for the depositions scheduled for June 23 and June 24. Counsel explained he had a long-scheduled trip to Dallas, Texas, to attend important business meetings which he could not reschedule.

The parties subsequently attempted to resolve this dispute without the Court's intervention, but were unsuccessful. The parties solicited the Court's guidance on June 20, and UCC filed the pending motion on June 21.

**Discussion**

As a threshold matter, it is unclear whether Local Rule 37.1 governs this dispute. Because time is of the essence, the parties' briefings lay out sufficiently the relevant facts, and the Court cannot schedule a telephone hearing before June 23, the Court will rule on this dispute without holding the usual teleconference with the parties.

The Court denies the motion for three reasons. First, the motion is not timely brought. A motion to quash a deposition notice should be timely made. *Cf.* Fed. R. Civ. P. 45(d)(3)(A). UCC has known about the pending depositions for two weeks, yet waited until six days before the first deposition to indicate there was a problem, and then waited until three days before the first deposition to bring this problem to the Court's attention. Under the circumstances, UCC waited too long.

Second, the motion does not provide any grounds or legal authority on which to quash the notice. On the contrary, there appears to be no basis on which to quash here: The notice allows UCC a reasonable time to comply; it is not outside the geographical limits specified in Rule 45(c); it is not seeking protected information; and it does not subject the deponent to an undue burden or harassment. *Cf.* Fed. R. Civ. P. 45(d)(3)(A) (identifying grounds for quashing a subpoena); 26(c)(1)(A) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ."). Counsel's observation that he has a long-standing business trip that he did not notify the other parties about does not, under the circumstances, justify quashing the notice.

Third, the equities here weigh in favor of denying the motion. P1 is entitled to take depositions, and P1's counsel acted reasonably in attempting to schedule these depositions, making multiple attempts to solicit acceptable dates from UCC's counsel. It is not P1's fault that

UCC's counsel did not respond to these inquires. If the dates picked are not to UCC counsel's liking, he only has himself to blame.

Accordingly, the motion (Doc. 126) is DENIED.[1]

Finally, to ensure there are no other disputes of this kind, the Court ORDERS the parties to respond to all requests for deposition dates within seven days of receipt.

**IT IS SO ORDERED.**

Date:  June 22, 2016                                   /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT

---

[1] Of course, P1 is not prohibited from rescheduling the depositions to a mutually agreeable date, but the Court will not order it to do so or quash the notices.